**Samuel HANNAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–74285.

Agency No. A78–238–549.

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.*

Decided Sept. 14, 2004.

Alan M. Anzarouth, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Thankful T. Vanderstar, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Samuel Hannan, a native and citizen of Iraq, petitions for review of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on the basis of an adverse credibility finding. Because the Board of Immigration Appeals affirmed the decision of the Immigration Judge (IJ) without opinion, we review the IJ's decision as the final agency determination. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part, deny the petition in part, and remand.

Adverse credibility findings are reviewed for substantial evidence. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). The IJ's adverse credibility finding is supported by substantial

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

evidence. There are numerous inconsistencies in Hannan's testimony that, in addition to his non-responsive answers to simple questions regarding his biographical history, undermine his credibility. Moreover, Hannan was unable to answer basic questions regarding his religion.s

By failing to qualify for asylum, Hannan necessarily fails to satisfy the more stringent standard for withholding of removal. *See id.* at 1255.

Claims under CAT may not be dismissed solely on the basis of an adverse credibility determination in asylum proceedings when evidence on the record suggests the petitioner may face torture if returned to his home country. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001). There is evidence in the record that Iraqi's who did not support the Ba'ath party were tortured and put to death and that Chaldean Christians were subjected to human rights abuses. Thus, the IJ's failure to consider this "probative evidence in the record of country conditions" and the IJ's denial of the CAT claim solely on the basis of the adverse credibility determination in the asylum proceedings was an abuse of discretion. *Id.* at 1284. We remand the petition for review under the Convention Against Torture.

Petition GRANTED in part, DENIED in part, and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.